# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RODOLFO BLAIN, § § Plaintiff, § § v. § § HOMECARE DIMENSIONS, INC., § § Defendant. § § | Civil Action No. 5:24-cv-438 Removed from the 438th District Court of Bexar County, Texas, Cause No. 2024CI06227 |

## DEFENDANT'S NOTICE OF REMOVAL

TO:   Clerk of Court, United States District Court
      For the Western District of Texas, San Antonio Division
      262 W. Nueva Street, Room 1-400
      San Antonio, Texas 78207

      Sylvan S. Lang, Jr.
      LANG LAW FIRM, P.C.
      Northwest Atrium
      11550 IH-10 West, Suite 273
      San Antonio, Texas  78230

      Alex Katzman
      KATZMAN & KATZMAN, PLLC
      21022 Gathering Oak
      San Antonio, Texas  78260

Defendant Homecare Dimensions, Inc. ("Defendant"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, files this Notice of Removal of the above titled action to this Court from the 438th District Court of Bexar County, Texas. In support of this Notice of Removal, Defendant states as follows:

310575195v.1

## BACKGROUND

1. Plaintiff Rodolfo Blain ("Plaintiff" or "Blain") filed his Original Petition against Defendant[1] on March 21, 2024, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), discrimination based on age, disability, race, and national origin in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"), and breach of contract. *See* Exhibit B. The lawsuit is recorded on the docket of the 438th District Court of Bexar County, Texas, and styled as *Rodolfo Blain v. Homecare Dimensions, Inc.*, Cause No. 2024CI06227 (the "State-Court Action"). *See* Exhibits A and B. Plaintiff Blain and Defendant are the only parties to the State-Court Action. *Id.*

2. Blain served his Original Petition and Citation on Defendant's registered agent, CT Corporation System, by process server on March 28, 2024. *See* Exhibit A. Defendant has timely filed its Notice of Removal within the 30-day limit imposed by 28 U.S.C. § 1446(b).

3. No orders have been signed in the State-Court Action. Other than the documents attached to this Notice of Removal, no pleadings have been filed in the State-Court Action.

4. In accordance with 28 U.S.C. § 1446(a), Defendant has attached, or is contemporaneously filing, the following documents to this Notice of Removal:

- All executed process (Exhibit A);
- Plaintiff's Original Petition (Exhibit B);
- Defendant's Original Answer (Exhibit C);
- Civil Cover Sheet;
- Corporate Disclosure Statement.

---

[1] Defendant did not employ Blain. Rather, Blain's employer was Optum Services, Inc. Defendant is a wholly-owned subsidiary of Optum Services, Inc.

**BASIS FOR REMOVAL**

5.  28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." In his lawsuit, Plaintiff asserts he was discriminated against because of his age in violation of the ADEA, a federal statute.

6.  Removal of this civil action is proper based on federal question jurisdiction under 28 U.S.C. § 1331 and § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal question jurisdiction exists because Plaintiff's claims pursuant to the ADEA arise under federal law. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (federal jurisdiction exists when a federal question is presented on the face of plaintiff's complaint); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (defendant may remove a state court action to federal court if such an action could have been filed in the federal court originally).

7.  This Court has supplemental jurisdiction over Plaintiff's Chapter 21 and breach-of-contract claims because those claims are so related to Plaintiff's ADEA claims, of which this Court has original jurisdiction, that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

8.  Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1441(a) because, under 28 U.S.C. § 124(d)(4), this District and Division embrace Bexar County, Texas, the place where the removed action has been pending. Therefore, this civil action is properly removed to this District and Division.

9.  Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing Notice of Removal, with a copy of the Notice of Removal, with the 438th District Court

of Bexar County, Texas, and will serve a copy thereof on Plaintiff through his counsel, in accordance with 28 U.S.C. § 1446(d).

10. Based on the foregoing, this District Court may properly exercise jurisdiction over this lawsuit.

11. Should Plaintiff seek to remand this case to state court, Defendant respectfully requests permission to brief and argue the removal issue before the Court enters any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and, if the Court deems it appropriate, certify any remand order for interlocutory review by the Court of Appeals, and stay this action pending appeal, pursuant to 28 U.S.C. § 1292(b).

## JURY TRIAL

12. Plaintiff demanded a jury trial in the State-Court Action.

## CONCLUSION

WHEREFORE, Defendant prays that the above-described action pending against it be removed to this Court. Defendant also requests all other relief, at law or in equity, to which it is justly entitled.

| | |
|---|---|
| DATED:  April 29, 2024 | Respectfully submitted,<br><br>SEYFARTH SHAW LLP<br><br>By: */s/ Esteban Shardonofsky*<br>Esteban Shardonofsky<br>Texas Bar No. 24051323<br>Rachel M. Hoffer<br>Texas Bar No. 24065432<br>700 Milam Street, Suite 1400<br>Houston, Texas  77002-2812<br>Telephone: (713) 225-2300<br>Facsimile:  (713) 225-2340<br>sshardonofsky@seyfarth.com<br>rhoffer@seyfarth.com<br><br>**ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 29, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF System which sent electronic notification of such filing to counsel of record.

> Sylvan S. Lang, Jr.
> LANG LAW FIRM, P.C.
> Northwest Atrium
> 11550 IH-10 West, Suite 273
> San Antonio, Texas  78230
> sylvan@langfirm.com
>
> Alex Katzman
> KATZMAN & KATZMAN, PLLC
> 21022 Gathering Oak
> San Antonio, Texas  78260
> alex@katzmanandkatzman.com

*/s/ Rachel M. Hoffer*
Rachel M. Hoffer

310575195v.1